IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| Ironclad Pressure Control, LLC, | § | Case No. 23-70156-smr11 |
| *Debtor*. | § | |

### MOTION TO LIFT AUTOMATIC STAY AND BRIEF IN SUPPORT

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

**TO THE HONORABLE SHAD M. ROBINSON, UNITED STATES BANKRUPTCY JUDGE:**

**NOW COMES** C&W International Fabricators, LLC ("**Movant**" or "**C&W**"), Movant in the above-styled and numbered case, and files this Motion to Lift Automatic Stay and Brief in Support, and in support hereof would respectfully show the Court as follows:

### I. SUMMARY

1.      Movant asks this Court to lift the automatic stay with respect to Movant's pending state court civil action against Debtor Ironclad Pressure Control, LLC ("**Debtor**" or "**Ironclad**") and non-debtor parties Ermelinda Rivas ("**Rivas**"), Bailee Nicole Rivas-Fernandez ("**Rivas-Fernandez**") and Albert Dehoyos ("**Dehoyos**") (collectively "**Defendants**").  On December 8, 2023, Ironclad Pressure Control, LLC filed for relief under Subchapter V of Chapter 11 of the United States Bankruptcy Code (the "**Debtor**"). Prior to this bankruptcy filing, C&W had initiated a state court proceeding against Ironclad on unpaid purchase orders for valuable oilfield fracing equipment ("**Equipment**") Ironclad ordered and received from C&W, which equipment was delivered by C&W to Ironclad on or about March through June of this year. Despite ordering and receiving valuable Equipment from C&W, Ironclad still owes $3,998,122.00 to C&W as of the Debtor's Petition Date for the Equipment.  This state court proceeding also included causes of

action asserted against non-debtors Rivas, Rivas-Fernandez and Dehoyos, in their individual capacities as the owners, officers and/or representatives of the Debtor for fraudulent inducement and fraudulent misrepresentation, among other state law causes of action.  The Debtor filed a Suggestion of Bankruptcy in the state court proceeding and all matters in the case are currently stayed.  In its Schedule E/F filed by the Debtor on December 22, 2023 [Dkt. # 23], Ironclad identifies C&W's claim in the amount of $3,998,122.00 as contingent, disputed and unliquidated.

2.      Movant asks the Court to lift the automatic stay as it pertains to Movant's state court proceeding and allow C&W, as state court plaintiff, to continue to pursue its remedies under state law in that case against the non-debtor parties, Rivas, Rivas-Fernandez and Dehoyos, as well as to liquidate its claims against the Debtor.  C&W further seeks to lift the automatic stay so that it may recover its $50,000.00 cash bond set by the state court and placed by C&W pursuant to the state court's *Temporary Restraining Order & Order Setting Hearing for Temporary Injunction* entered in that proceeding.

## II. FACTUAL BACKGROUND

3.      C&W International Fabricators, LLC, is the plaintiff in a civil action styled as *C&W International Fabricators, LLC v. Ironclad Pressure Control, LLC, Ermelinda Rivas, Bailee Nicole Rivas-Fernandez and Albert Dehoyos*, which is currently pending in the 244th Judicial District Court of Ector County, Texas, Cause No. C-23-12-1320-CV ("**State Court Suit**").   This suit is based on a collection matter against Ironclad for failure to pay on C&W's invoices, totaling $3,998,122.00, after all offsets and credits, for certain oil field fracing equipment which C&W had fabricated and delivered to Ironclad within approximately 6 months of its bankruptcy filing.  Ironclad did not pay for the valuable equipment it ordered and received from C&W despite its promises to do so. C&W has also brought fraud based claims against its owners, officers and/or representatives, Rivas, Rivas-Fernandez and Dehoyos, for their alleged false representations in the matter.

4.      The State Court Suit was filed on December 4, 2023, and none of the defendants have answered the suit. The State Court Suit incudes allegations of breach of contract, suit on a sworn account, quantum meruit, promissory estoppel and unjust enrichment specifically as against Ironclad, as well as

fraud in the inducement, fraudulent misrepresentation and fraudulent transfer claims against Ironclad, Rivas, Rivas-Fernandez and Dehoyos.

5.     December 8, 2023, Debtor Ironclad filed for bankruptcy protection under Subchapter V of Chapter 11 of the United States Bankruptcy Code and the case was assigned bankruptcy case no. 23-70156-smr.

6.     On December 8, 2023, the Debtor filed a Suggestion of Bankruptcy in the State Court Suit thereby staying this proceeding.

### III. ARGUMENT

**Request to Lift the Stay as Against the Non-Debtor Parties Rivas, Rivas-Fernandez and Dehoyos**

7.     Section 362(a)(1) of the Bankruptcy Code provides for an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1). "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate.' " *See Matter of S.I. Acquisition, Inc.,* 817 F.2d 1142, 1148 (5th Cir.1987) (quoting 11 U.S.C. § 362(a)(3)). ***Ordinarily, the automatic stay under § 362 does not apply to actions against a non-debtor.*** *See In re TXNB Internal Case,* 483 F.3d 292, 301 (5th Cir.2007); *see also Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 544 (5th Cir.1983)("[w]e join [the cited courts] in concluding that the protections of § 362 neither apply to co-defendants nor preclude severance")(emphasis added).

8.     By exception, a bankruptcy court may invoke § 362 to stay proceedings against nonbankrupt co-defendants where such identity between the debtor and the third-party defendant exists that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. *A.H. Robins Co.,* 788 F.2d 994, 999 (4th Cir.1986).

9.     In the State Court Suit, C&W contends that there is no "identity" between Ironclad and Rivas, Rivas-Fernandez and/or Dehoyos as no property of the Debtor is implicated by going forward against these individuals on C&W's fraud in the inducement and fraudulent misrepresentation claims.   C&W

further seeks to lift stay so that it may recover its $50,000.00 bond set by the state court pursuant to the *Temporary Restraining Order & Order Setting Hearing for Temporary Injunction* in the State Court Action.

**Request to Lift the Stay as Against the Debtor for Purposes of Liquidating its Claim**

10. Section 362(d)(l) of the Bankruptcy Code provides that the bankruptcy court may grant relief from the automatic stay "for cause." Such "cause" includes allowing an action to proceed to completion in another tribunal. *In re Armstrong & Guy Law Office, LLC*, Nos. 07- 02459-EE, 07-02460-EE, 07-02461-EE, 07-02462-EE, 2007 Bankr. LEXIS 4394, at *3-5 (U.S. Bankr. S.D. Miss. 2007); *In re Curtis*, 40 B.R. 795, 799 (Bankr. D. Utah 1984); *see also* H.R. Rep. No. 595, 95th Cong., 1st Sess., 341 (1977) ("It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.").

11. Courts have developed twelve (12) factors to examine when determining whether "cause" exists to modify the stay to allow litigation to proceed in another forum. *In re Armstrong & Guy Law Office, LLC,* 2007 Bankr. LEXIS 4394, at *3. They are: (1) whether the relief will result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the foreign proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) whether the action essentially involves third parties and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (7) whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee, and other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); (9) whether the movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and (12) the impact of the stay on the parties and the balance of the

harm. *In re Armstrong & Guy Law Office, LLC*, 2007 Bankr. LEXIS 4394, at *3-4; *In re Curtis*, 40 B.R. at 799-800. Not all of the factors will be relevant in every case. *In re Cook*, 232 B.R. 554, 557 (Bankr. D.Conn. 1999). In this case, several of the factors are relevant and weigh heavily in favor of lifting the stay so Movant can proceed with the State Court Suit.

### A.    Lifting the Stay Will Not Interfere with the Bankruptcy Estate.

12.    The State Court Suit will not interfere with the bankruptcy case or estate. Movant seeks to liquidate its claims for purpose of filing of its proof of claim in the Debtor's bankruptcy proceeding and to continue to pursue non-debtor parties. *See In re Todd Shipyards Corp.*, 92 B.R. 600, 604 (Bankr. D.N.J. 1988) ("Since the movants only seek to litigate their claims to the point of judgment and do not seek relief from the stay in order to attach the property of the debtor, such relief does not interfere with the bankruptcy proceedings"). This factor weighs heavily in Movant's favor.

### B.    Lifting the Stay Will Not Prejudice Other Creditors.

13.    Another factor that supports granting this Motion is that the State Court Suit will not prejudice the interests of other creditors. Movant seeks only to liquidate its claims as against the Debtor in the State Court Suit as quickly as possible for purposes of filing its proof of claim. Movant will attempt to collect upon any judgment it is able to recover against the non-debtor parties from those individuals only. Thus, the other creditors in the bankruptcy case will not be harmed by granting this Motion as no funds available to the estate to pay to unsecured creditors will be paid to Movant, except possibly upon any valid, liquidated proof of claim allowed by the Court in this case. *See In re R. J. Groover Constr.*, 411 B.R. 460,465 (Bankr. S.D. Ga. 2008).

**C.      Continuing the Automatic Stay Will Impose Substantial Hardships on Movant that Far Outweighs Any Hardships on the Debtor.**

14.      Movant is effectively harmed by delaying the State Court Suit against the non-debtor parties. A number of courts have attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate. The aging of evidence, loss of witnesses, and crowded court dockets are factors which contribute to these hardships. *In re Bock Laundry Mach. Co.*, 37 B.R. 564,566 (Bankr. N.D. Ohio 1984). Any further delay will only hinder Movant's ability to present its case in the State Court Suit.

WHEREFORE, PREMISES CONSIDERED, Movant C&W International Fabricators, LLC, prays that the Court enter an order lifting the automatic stay as to Movant so that it may liquidate its claims against the Debtor Ironclad Pressure Control, LLC in Cause No. C-23-12-1320-CV in the 244th Judicial District Court of Ector County, Texas, and also continue to pursue its state court claims against the non-debtor defendants, recover its $50,000.00 cash bond placed in the matter, and for such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Dated: December 29, 2023

Respectfully submitted,

/s/ Todd J. Johnston
Todd J. Johnston
State Bar No. 24050837
**MCWHORTER COBB & JOHNSON, LLP**
P.O. Box 2547
Lubbock, Texas 79408
Telephone: (806) 762-0214
Facsimile: (806) 762-8014
Email: tjohnston@mcjllp.com

*Attorneys for C&W International Fabricators, LLC*

**CERTIFICATE OF CONFERENCE**

I, Todd J. Johnston, do hereby certify that on December 22, 2023, I corresponded with Joseph F. Postnikoff, counsel for the Debtor, and he was opposed to the relief requested herein.

    /s/ Todd J. Johnston
    Todd J. Johnston

**CERTIFICATE OF SERVICE**

I, Todd J. Johnston, do hereby certify that a true and correct copy of the foregoing Motion was served by either court enabled electronic service or regular first-class U. S. Mail upon the following listed parties on this 29th day of December, 2023:

1.     U. S. Trustee's Office
    615 E. Houston, Suite 533
    San Antonio, TX 78205

2.     Ironclad Pressure Control, LLC
    16690 W. Basin St.
    Odessa, TX 79763
    *Debtor*

3.     Joseph F. Postnikoff
    Laurie Dahl Rea
    Rochelle McCullough, LLP
    300 Throckmorton Street, Suite 520
    Ft. Worth, Texas 76102
    *Counsel for Debtor Ironclad Pressure Control, LLC*

4.     Eric Terry
    Eric Terry Law, PLLC
    3511 Broadway
    San Antonio, TX 78209
    *Subchapter V Trustee*

5.     All parties in interest registered with the U. S. Bankruptcy Court to receive electronic notices in this case.

    /s/ Todd J. Johnston
    Todd J. Johnston