IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| IRONCLAD PRESSURE CONTROL, LLC | § | Case No. 23-70156 |
| | § | In Proceedings Under Chapter 11 |
| Debtor. | § | Subchapter V |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER PURUSANT TO 11 U.S.C. §§327(a) AND 328(a) AUTHORIZING THE EMPLOYMENT OF LAIN, FAULKNER & CO., P.C., AS FINANCIAL ADVISOR TO THE DEBTOR IN POSSESSION**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely response is necessary for a hearing to be held.**

| | |
|---|---|
| Name of Client: | IRONCLAD PRESSURE CONTROL, LLC |
| Identity of Professional: | Lain, Faulkner & Co., P.C. |
| Nature of Profession: | Financial Advisor |
| Conflicts: | None |
| Retainer: | None |
| Proposed Compensation | Based on hourly rates as follows: |

| | |
|---|---|
| Directors: | $440 - $560 |
| Accounting Professionals | $235 - $325 |
| IT Professionals | $300 |
| Staff Accountants | $195 - $275 |
| Supporting Personnel | $95 - $135 |

TO THE HONORABLE SHAD M. ROBINSON, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Ironclad Pressure Control, LLC, the Debtor in Possession in the referenced

Chapter 11 bankruptcy proceeding (the "Debtor"), and files this *Debtor's Application for Entry of*

*an Order Pursuant to 11 U.S.C. §§327(a) and 328(a) Authorizing The Employment of Lain,*

*Faulkner & Co., P.C., as Financial Advisor to the Debtor in Possession* (the "<u>Application</u>"), and in support thereof would respectfully show unto the Court as follows:

### Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter involves administration of the estate and therefore constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and other predicates for the relief requested herein are §§ 327 and 328 of the Bankruptcy Code, Rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

### Bankruptcy

2.      This case was filed on December 8, 2023 (the "<u>Petition Date</u>") as a Subchapter V proceeding under chapter 11 of the United States Bankruptcy Code. Debtor has continued to operate as a debtor in possession pursuant to 11 U.S.C. § 1184. Eric Terry was appointed Subchapter V Trustee pursuant to notice filed December 12, 2023.

### Relief Requested

3.      Pursuant to the Bankruptcy Code, the Debtor, "with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a).

4.      Debtor requests that the Court authorize Debtor to retain and employ Lain, Faulkner & Co., P.C., ("LainFaulkner") as financial advisor for the Debtor in connection with the administration of the chapter 11 case. LainFaulkner maintains its offices at 400 North St. Paul, Suite 600, Dallas, Texas 75201.

5.      The Debtor has selected LainFaulkner because of LainFaulkner's impeccable reputation and extensive experience and knowledge in the fields of accounting as well as business restructurings both inside and outside the bankruptcy context. All LainFaulkner's shareholders are certified public accountants, and each brings a rich and varied experience to the table and therefore offers valuable perspective. The two individuals who will be primarily responsible for supervising LainFaulkner's services in the subject proceedings are Mr. Kelly McCullough and Mr. Jason Rae. Attached hereto and incorporated herein as **Exhibit A** is the engagement agreement prepared by LainFaulkner which contains a full and complete description the terms of the proposed engagement.

6.      LainFaulkner's services as the Debtor's financial advisors will include, but will not be limited to, the following:

(a)      Assisting the Debtor with the preparation and updates of cash forecasts and financial projections assuming various restructuring alternatives;

(b)      Preparing and assisting the Debtor with an assessment of potential restructuring alternatives;

(c)      Assisting in negotiations with creditors and parties in interest as requested by the Debtor; and

(d)      Assisting with such other matters as may be requested to the extent that they fall within LainFaulkner's expertise.

Subject to this Court's approval of this Application, LainFaulkner is willing to serve as the Debtor's financial advisors in the subject proceedings and to perform the services described above.

7.      LainFaulkner has agreed to perform the services described above at its established hourly rates, as they may exist from time to time, plus reimbursement of reasonable and necessary out-of-pocket expenses. Payment of LainFaulkner's fees and reimbursable expenses is not contingent on the outcome of the subject proceedings.

8.      LainFaulkner's current hourly rates range from $440.00 to $560.00 per hour for Directors, $235.00 to $325.00 per hour for Accounting Professionals, $300.00 per hour for IT Professionals, $195.00 to $275.00 per hour for Staff Accountants, and $95.00 to $135.00 per hour for clerical time depending on the personnel assigned. Lain Faulkner's rates may be adjusted periodically, but the Debtor will be notified of rate increases prior to any adjustment becoming effective.

9.      Subject to this Court's approval, the Debtor has also agreed to the reimbursement for all out-of-pocket expenses incurred by LainFaulkner. These expenses include, but are not limited to, costs for long-distance telephone charges, facsimile charges, photocopying, travel, parking, business meals, computerized research, messengers, couriers, postage, and other fees related to attendance at trials and hearings. LainFaulkner will charge for all such actual and necessary expenses in a manner and at rates consistent with charges made generally to LainFaulkner's other clients and consistent with the applicable Local Rules of the Court.

10.     LainFaulkner has commenced representation of the Debtor without the benefit of a retainer fee.

11.     LainFaulkner has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

12.     To the best of the Debtor's knowledge, LainFaulkner as well as the shareholders and other LainFaulkner professionals: (i) do not have any connection with the Debtor, its creditors, or any other party-in-interest or their respective attorneys and accountants; (ii) do not have any connection with the United States Trustee or any person employed in the Office of the United States Trustee; (iii) are "disinterested persons," as that term is defined in section 101(14) of the

Bankruptcy Code; and (iv) do not hold or represent any interest adverse to the Debtor's estate. The Affidavit of Kelly McCullough, a Director of LainFaulkner, is attached hereto and incorporated herein as **Exhibit B**.

13.     Employment of LainFaulkner as the Debtor's financial advisor is in the best interests of the Debtor and the Debtor's estate.

14     The Debtor's proposed form of Order approving this Application is attached hereto and incorporated herein as **Exhibit C**.

**WHEREFORE, PREMISES CONSIDERED,** Ironclad Pressure Control, LLC, the Debtor in Possession herein, respectfully prays for an Order of this Court authorizing the employment of Lain, Faulkner & Co., P.C., to provide financial advisory services to the Debtor in this chapter 11 proceeding, and granting such other and further relief, at law or in equity, to which the Debtor may be shown justly entitled.

Dated this the 7th day of February, 2024.

Respectfully submitted,

**IRONCLAD PRESSURE CONTROL, LLC**

ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
Telephone: 817.347.5260
Facsimile: 817.347.5269
http://www.romclaw.com

By: ___/s/ Joseph F. Postnikoff_____
        Joseph F. Postnikoff
        State Bar No. 16168320
        Email: jpostnikoff@romclaw.com

COUNSEL FOR DEBTOR IN POSSESSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of February, 2024, a copy of the foregoing Application was served via ECF on the parties registered with the Court to receive ECF and via first class United States mail on the parties listed on the attached service list.


  /s/ Joseph F. Postnikoff
    Joseph F. Postnikoff

# LainFaulkner

**EXHIBIT A**

<u>Via Electronic Mail</u>

Joseph F. Postnikoff
Rochelle McCullough, L.L.P.
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102

Re:    *Financial Advisor Consulting Services relating to a Chapter 11 bankruptcy filing*

Dear Mr. Postnikoff:

1.)    This letter sets forth the agreement between Ironclad Pressure Control, LLC (hereafter "Ironclad") and Lain, Faulkner & Co., P.C. (hereafter "LainFaulkner") for the engagement of LainFaulkner to assist you with accounting and financial analysis related to a Chapter 11 bankruptcy filing and restructuring process as described below.

2.)    The purpose of this engagement is to accumulate documents and support, perform consulting procedures, and develop schedules and other necessary information. The supporting material will form the bases for any opinions LainFaulkner develops during this engagement.

3.)    The scope of our work will be continually re-evaluated based upon our findings, and scope re-evaluations will be periodically communicated to you. We reserve the right to require a revised engagement letter should the scope of our work or the nature of this engagement change materially. LainFaulkner will assist Ironclad with accounting and financial analysis throughout Ironclad's contemplated restructuring process, including but not limited to:

    a.  Assisting Ironclad with the preparation and updates of cash forecasts and financial projections assuming various restructuring alternatives;

    b.  Preparing and assisting Ironclad with an assessment of potential restructuring alternatives;

    c.  Assisting in negotiations with creditors and parties in interest as requested by Ironclad; and

    d.  Assisting with such other matters as may be requested to the extent that they fall within LainFaulkner's expertise and pursuant to your direction.

4.)    Ironclad shall use all reasonable efforts to: (i) provide LainFaulkner with access to management and other representatives; and (ii) to furnish all data, material, and other information concerning the business, assets, liabilities, operations, cash flows, properties, financial condition and prospects that LainFaulkner reasonably requests in connection with the services to be provided. LainFaulkner shall rely, without further independent verification, on the accuracy and completeness of all publicly available information and information that is furnished by or on behalf of Ironclad and otherwise reviewed by LainFaulkner in connection with the services performed. Ironclad acknowledges and agrees that LainFaulkner is not responsible for the accuracy or completeness of such information and shall not be responsible for any

---

Lain, Faulkner & Co., A Professional Corporation

Hartford Building  |  400 North St. Paul, Suite 600  |  Dallas, Texas 75201

office 214.720.1929                fax 214.720.1450                www.lainfaulkner.com

Page 2

inaccuracies or omissions therein. LainFaulkner is under no obligation to update data submitted to them or to review any other areas unless specifically requested to do so.

5.)    You understand that the services to be rendered by LainFaulkner may include the preparation of projections and other forward-looking statements, and numerous factors can affect the actual results of operations, which may materially and adversely differ from those projections. In addition, LainFaulkner will be relying on information provided by Ironclad in the preparation of those projections and other forward-looking statements.

6.)    Ironclad acknowledges and agrees that LainFaulkner is not being requested to perform an audit, review or compilation, or any other type of financial statement reporting engagement that is subject to the rules of the AICPA, SEC or other state or national professional or regulatory body.

7.)    Our services role will be performed under the Statement on Standards for Consulting Services issues by the American Institute of Certified Public Accountants.  Because of the intended scope and anticipated purpose, LainFaulkner will not "audit", "review" or "compile" any financial information, as those terms of art are generally defined by the American Institute of Certified Public Accountants.

8.)    LainFaulkner makes no representations or guarantees that, inter alia, (i) an appropriate restructuring proposal or strategic alternative can be formulated (ii) any proposal or strategic alternative presented to management will be more successful than all other possible restructuring proposals or strategic alternatives, (iii) restructuring is the best course of action for Ironclad, or (iv) if formulated, that any proposed restructuring plan or strategic alternative will be accepted by any of Ironclad's creditors, shareholders and other constituents. Further, LainFaulkner assumes no responsibility for Ironclad's decision to pursue, or not pursue any business strategy, or to effect, or not to effect any transaction. LainFaulkner shall be responsible for implementation only of the restructuring proposal or alternative approved by you and only to the extent and in the manner authorized and directed by you.  Failure of our recommendations or analysis to be accepted for any reason by any party, judge, jury, person, or government entity shall not constitute a breach of any of our duties under this agreement, shall not constitute negligence of any kind on our part, shall not give rise to any cause of action by you, and shall not relieve you of any duties.

9.)    Ironclad acknowledges that all advice (written or oral) provided by LainFaulkner in connection with this engagement is intended solely for the benefit and use of Ironclad in considering the matters to which this engagement relates. Ironclad agrees that no such advice shall be used for any other purpose or reproduced, disseminated, quoted or referred to at any time in any manner or for any purpose other than accomplishing the tasks referred to herein without LainFaulkner's prior approval, except as required by law.  No third parties are intended to be benefited.  LainFaulkner does not assume any liability for any third party under any circumstances. You agree to indemnify LainFaulkner for all costs and fees, including our then current hourly rates for any such costs and fees that LainFaulkner incurs as a result of you or your agents providing any advice (written or oral) provided by LainFaulkner to third parties without our prior written approval.  Furthermore, no aspect of LainFaulkner's work is to be construed as legal advice or any other type of professional advice or counsel (such as tax, accounting, or investment advice).

10.)   We cannot provide assurances that all or any financial malfeasance, if it exists, will be uncovered as a result of our engagement.  The determination of whether or not certain individuals committed fraud is beyond our scope of work and is a decision only for the trier of fact in a court of law.

2/5/24

Page 3

11.) Do not give us original documents, as we are required to maintain all records considered. We will not return documents provided to us unless prior arrangement is made.

12.) LainFaulkner's services on this matter will be led by me, whose rate is $500/hour and Jason Rae, Managing Director, whose rate is $500/hour. Our CVs are attached as an exhibit to this engagement letter. LainFaulkner may also use additional firm professionals and staff to provide services as needed. We will bill you at our standard hourly rates, which currently are:

| Professional/Paraprofessional | Hourly Rate |
| --- | --- |
| Directors | $440 - $560 |
| Accounting Professionals | $235 - $325 |
| IT Professionals | $300 |
| Staff Accountants | $195 - $275 |
| Supporting Personnel | $95 - $135 |

13.) Until the petitions are filed, our invoices for these fees plus reasonable out-of-pocket expenses will be rendered for work performed through the end of each month and are payable upon presentation. Should the level of work substantially exceed our initial expectations, we reserve the right to issue invoices bi-weekly and they also will be payable upon presentation. Additional services not currently contemplated may require, at our discretion, a separate engagement letter and possibly an increased retainer.

14.) LainFaulkner reserves the right to suspend or terminate services if our invoices are not timely paid; accordingly, our engagement will be deemed to have been completed upon our notification of withdrawal. In addition, LainFaulkner may terminate the engagement at any time with at least five (5) days advance written notice, in which case LainFaulkner shall be paid for all services provided and expenses incurred through the effective date of such termination.

15.) If a dispute arises out of or relating to this contract or engagement letter, or the obligations of the parties therein, and if the dispute cannot be settled through negotiation, the parties agree first to try in good faith to settle the dispute by mediation before resorting to arbitration, litigation, or some other dispute resolution procedure.

16.) Should information become known that would make our continued involvement in this engagement inappropriate or should the attorneys or parties involved in this matter change, LainFaulkner reserves the right to withdraw from this engagement. Our engagement will be deemed to have been completed upon our notification of withdrawal.

17.) With respect to this engagement, we would not be liable for, and you will agree to defend, indemnify and hold us harmless from and against, any and all claims, causes-of-action, losses, damages, liabilities, fines , costs and expenses (including but not limited to reasonable attorney's fees and other legal expenses) arising out of any acts or omission, other than gross negligence or willful misconduct, which may be asserted against LainFaulkner or its members during the course of this engagement.

18.) This contract sets forth the entire agreement and understanding between the parties concerning the services and subject matter hereto and supersedes all prior agreements, arrangements and understanding between the parties concerning these services and subject matter. This contract shall be subject to and governed by the laws of the State of Texas, and obligations of the parties hereunder shall be enforceable in Dallas County, Texas. This contract is performable in Dallas County, Texas. If a dispute regarding this

Page 4

contract or LainFaulkner's engagement is not resolved during the dispute resolution provisions called for above, then the parties consent to and agree that the District Court of Dallas County Texas shall have exclusive jurisdiction over any dispute regarding this contract or LainFaulkner's engagement. This contract may not be amended or modified, except by a written instrument executed by the parties hereto. This contract and its Appendices, if any, correctly set forth the understanding of you and LainFaulkner.

19.) Electronic transmittal of the signed signature page is acceptable. This agreement is effective as of the date upon our acceptance of the engagement letter after receipt of the completed, signed and dated engagement letter and applicable agreements relating to the scheduling of our services in this matter.

Sincerely,

Kelly McCullough
Director

**ACCEPTED BY:**

IRONCLAD PRESSURE CONTROL, LLC

By: Ironclad Holding Group, LLC
    its Managing Manager

By: _____
       Bailee Fernandez, Manager

Address: 16690 W. Basin Str.
         Odessa, TX 79763

2/5/24

**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| IRONCLAD PRESSURE CONTROL, LLC | § | Case No. 23-70156 |
| | § | In Proceedings Under Chapter 11 |
| Debtor. | § | Subchapter V |

**AFFIDAVIT OF KELLY MCCULLOUGH IN SUPPORT OF DEBTOR'S
APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§327(a)
AND 328(a) AUTHORIZING THE EMPLOYMENT OF LAIN, FAULKNER & CO.,
P.C., AS FINANCIAL ADVISOR TO THE DEBTOR IN POSSESSION**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

Kelly McCullough, being duly sworn in view of the *Debtor's Application for Entry of an Order Pursuant to 11 U.S.C. §§327(a) and 328(a) Authorizing the Employment of Lain, Faulkner & Co., P.C., as Financial Advisor to the Debtor In Possession*, filed by Ironclad Pressure Control, LLC, Debtor In Possession in the referenced Chapter 11 bankruptcy proceeding (the "Debtor"), hereby deposes and states:

1.    My name is Kelly McCullough. I am over twenty-one (21) years of age, of sound mind, capable of making this Affidavit and fully competent to testify to the matters stated herein, and I have personal knowledge of the matters set forth herein.

2.    I am a Director with Lain, Faulkner & Co., P.C. ("LainFaulkner"). I have read the *Application for Entry of an Order Pursuant to §§327(a) and 328(a) Authorizing the Employment of Lain, Faulkner & Co., P.C., as Financial Advisor to the Debtor in Possession* (the "Application") and hereby certify that the statements contained therein are true and correct.

3. In the Application, the Debtor requests that the Court authorize Debtor to retain and employ Lain, Faulkner & Co., P.C., ("LainFaulkner"), as financial advisor for the Debtor in connection with the administration of the chapter 11 case. LainFaulkner maintains its offices at 400 North St. Paul, Suite 600, Dallas, Texas 75201.

4. The Debtor has selected LainFaulkner because of LainFaulkner's impeccable reputation and extensive experience and knowledge in the fields of accounting as well as business restructurings both inside and outside the bankruptcy context. All LainFaulkner's shareholders are certified public accountants, and each brings a rich and varied experience to the table and therefore offers valuable perspective. The two individuals who will be primarily responsible for supervising LainFaulkner's services in the subject proceedings are Mr. Kelly McCullough and Mr. Jason Rae. LainFaulkner's services as the Debtor's financial advisors will include, but will not be limited to, the following:

(a) Assisting the Debtor with the preparation and updates of cash forecasts and financial projections assuming various restructuring alternatives;

(b) Preparing and assisting the Debtor with an assessment of potential restructuring alternatives;

(c) Assisting in negotiations with creditors and parties in interest as requested by the Debtor; and

(d) Assisting with such other matters as may be requested to the extent that they fall within LainFaulkner's expertise.

Subject to this Court's approval of this Application, LainFaulkner is willing to serve as the Debtor's financial advisors in the subject proceedings and to perform the services described above.

5. LainFaulkner has agreed to perform the services described above at its established hourly rates, as they may exist from time to time, plus reimbursement of reasonable and necessary out-of-pocket expenses. Payment of LainFaulkner's fees and reimbursable expenses is not contingent on the outcome of the subject proceedings.

6.      LainFaulkner's current hourly rates range from $440.00 to $560.00 per hour for Directors, $235.00 to $325.00 per hour for Accounting Professionals, $300.00 per hour for IT Professionals, $195.00 to $275.00 per hour for Staff Accountants, and $95.00 to $135.00 per hour for clerical time depending on the personnel assigned. Lain Faulkner's rates may be adjusted periodically, but the Debtor will be notified of rate increases prior to any adjustment becoming effective.

7.      The Debtor has also agreed to the reimbursement for all out-of-pocket expenses incurred by LainFaulkner. These expenses include, but are not limited to, costs for long-distance telephone charges, facsimile charges, photocopying, travel, parking, business meals, computerized research, messengers, couriers, postage, and other fees related to attendance at trials and hearings. LainFaulkner will charge for all such actual and necessary expenses in a manner and at rates consistent with charges made generally to LainFaulkner's other clients and consistent with the applicable Local Rules of the Court.

8.      LainFaulkner has commenced representation of the Debtor without the benefit of a retainer fee.

9.      LainFaulkner has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code

10.     To the best of my knowledge, the shareholders and other LainFaulkner professionals: (i) do not have any connection with the Debtor, its creditors, or any other party-in-interest or their respective attorneys and accountants; (ii) do not have any connection with the United States Trustee or any person employed in the Office of the United States Trustee; (iii) are

"disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code; and

(iv) do not hold or represent any interest adverse to the Estate.

FURTHER AFFIANT SAITH NOT.

_____
Kelly McCullough

SWORN TO AND SUBSCRIBED BEFORE ME on this the 7th day of February, 2024.

JANICE ODEN
ID #5830666
My Commission Expires
May 21, 2026

_____
NOTARY PUBLIC in and for the State of Texas

---

**In re Ironclad Pressure Control, LLC, Debtor**
**Affidavit of Kelly McCullough in Support of Application for Employment of**
**Lain, Faulkner & Co., P.C., as Financial Advisor B Page 4**

# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| IRONCLAD PRESSURE CONTROL, LLC | § | Case No. 23-70156 |
| | § | In Proceedings Under Chapter 11 |
| Debtor. | § | Subchapter V |

**ORDER GRANTING DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER
PURSUANT TO §§327(a) AND 328(a) AUTHORIZING THE EMPLOYMENT OF
LAIN, FAULKNER & CO., P.C., AS FINANCIAL ADVISOR
TO THE DEBTOR IN POSSESSION
[Refers to Docket No. __]**

On this day, came on for consideration the *Debtor's Application for Entry of an Order*

*Pursuant to 11 U.S.C. §§327(a) and 328(a) Authorizing the Employment of Lain, Faulkner & Co.,*

*P.C., as Financial Advisor to the Debtor in Possession* [Docket No. __] (the "Application"), filed

by Ironclad Pressure Control, LLC, the Debtor in Possession (the "Debtor"), in the referenced

bankruptcy proceeding and the Affidavit of Kelly McCullough (the "Affidavit"), in support

thereof.

The Court finds jurisdiction over the subject matter and parties, notice of the Application was adequate under the circumstances, and the relief sought in the Application is in order and should be GRANTED.  It is therefore

**ORDERED, ADJUDGED, AND DECREED** that the Application is **GRANTED** pursuant to sections 327(a) and 328(a) of the Bankruptcy Code; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Debtor is authorized to employ Lain, Faulkner & Co., P.C., as financial advisor for the purposes and on the terms and conditions described in the Application.

### End of Order ###

Submitted by:

Joseph F. Postnikoff
State Bar No. 16168320
ROCHELLE MCCULLOUGH, LLP
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
Telephone: 817-347-5260
Facsimile: 817-347-5269
jpostnikoff@romclaw.com

COUNSEL FOR  DEBTOR IN POSSESSION

---

**Ironclad Pressure Control, LLC, Debtor**
**Order Granting Application for Approval of Employment of Financial Advisor – Page 2**