UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
GARY WRIGHT
ASSISTANT UNITED STATES TRUSTEE
SHANE P. TOBIN
TRIAL ATTORNEY
903 SAN JACINTO BLVD., ROOM 230
AUSTIN, TX 78701
Telephone: (512) 916-5328
Fax: (512) 916-5331

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 23-70156-SMR |
| IRONCLAD PRESSURE § | |
| CONTROL, LLC § | CHAPTER 11 |
| § | |
| DEBTOR. § | |

## MOTION TO DISMISS OR CONVERT CASE

TO THE HONORABLE SHAD M. ROBINSON,
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 (U.S. Trustee), hereby moves this Court to dismiss or convert the above-captioned case (Bankruptcy Case) for cause under 11 U.S.C. § 1112(b)(1),[1] because Ironclad Pressure Control, LLC (Debtor) (1) failed to timely satisfy reporting requirements imposed by Bankruptcy Local Rule 2015 and Federal Rule of Bankruptcy Procedure 2015.3; (2) failed to timely file tax returns and pay payroll taxes Debtor was required to pay after the date of the order for relief; (3) grossly mismanaged the estate; and (4) provide information reasonably requested by the U.S. Trustee. For these reasons, cause

---

[1] Hereinafter, all references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "Section" or "§" are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated.

1

exists, and the Court should dismiss or convert the case to a case under Chapter 7, whichever is in the best interests of creditors and the estate. In support thereof, the U.S. Trustee would respectfully show the Court the following:

## I. JURISDICTION AND STANDING

1. The Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), 28 U.S.C. § 151, and 11 U.S.C. § 1112(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). The U.S. Trustee is a recognized party-in-interest with standing to request dismissal or conversion of a chapter 11 case. 28 U.S.C. § 586(a)(8).

## II. STATEMENT OF FACTS

2. Debtor filed the Bankruptcy Case on December 8, 2023 (Petition Date) under Chapter 11 of the Bankruptcy Code. Dkt. # 1. Debtor alleges in its petition it is a small business as defined by Section 1182(1) and its aggregate noncontingent liquidated debts (excluding debts to insiders or affiliates) are less than $7,500,000. *Id.* Debtor continues operating its business as a debtor in possession pursuant to Sections 1107 and 1108. The 341(a) Meeting of Creditors (341 Meeting) was concluded on January 9, 2024.

3. Eric Terry (Subchapter V Trustee) was appointed as the Subchapter V trustee and continues to serve in that capacity. Dkt. # 6.

4. Debtor filed its Schedules and Statement of Financial Affairs (SoFA) on December 22, 2023. Dkt. # 23 and 24. Debtor valued its assets at $5,263,608.01, which included cash, accounts receivable, machinery, and several vehicles. Dkt. # 23, pp. 1-9.

5. Debtor listed secured debt of $1,805,869.61. Dkt. # 23, pp. 10-21. Debtor listed priority unsecured debts of $147,845.55, which consisted of unpaid wages, payroll taxes, earned revenue tax credits, payroll benefits, and franchise taxes. Dkt. # 23, pp. 22-26. Debtor listed

nonpriority unsecured claims of $5,845,434.62, for total debts of $7,799,149.78. Dkt. # 23, pp. 22-37.

6. Debtor tardily filed its monthly operating reports (MOR) for the months of December 2023 through March 2024. *See* Dkt. #'s 47, 98, 140, and 182. Debtor disclosed on its March 2024 MOR that it had not timely filed tax returns or paid all its taxes. Dkt. # 182, ln. 6. Debtor also disclosed that it incurred debts, including taxes, of $145,974.83 since the Petition Date. Dkt. # 182, ln. 24.

7. Debtor filed each MOR without the required financial statements attached, including a balance sheet, profit & loss statement, and cash flow statement. *See* Dkt. #'s 47, 98, 140, and 182. The U.S. Trustee requested Debtor amend the MORs to include those financial statements as early as January 25, 2024, and as recently as July 10, 2024. Debtor has not amended the MORs to include the required information despite multiple requests from the U.S. Trustee.

8. Debtor has not filed its MORs for April 2024, May 2024, and June 2024 as of the date of filing this Motion and the filing deadlines for those MORs have expired. The U.S. Trustee informed Debtor of its failure to file the MORs on multiple occasions, but Debtor has not filed the MORs.

9. Debtor filed its First Amended Plan of Reorganization (Plan) on June 28, 2024. Dkt. # 210. The United States, on behalf of the Internal Revenue Service, filed an objection to the Plan and alleged that Debtor has not filed any postpetition employment tax returns or paid postpetition employment tax deposits. Dkt. # 214, para. 2.

**III.  ARGUMENT**

10. Cause exists to convert or dismiss the Bankruptcy Case under Section 1112(b)(1) because Debtor (1) failed to timely satisfy reporting requirements imposed by Bankruptcy Local Rule 2015 and Federal Rule of Bankruptcy Procedure 2015.3, (2) failed timely to file tax returns and pay payroll taxes Debtor was required to pay after the date of the order for relief, (3) grossly mismanaged the estate; and (4) provide information reasonably requested by the U.S. Trustee. *See* 11 U.S.C. §§ 1112(b)(4)(B), (F), (H), and (I).

*a.  Statutory Framework*

11. Section 1112(b) of the Bankruptcy Code (the Code) provides that the Court must dismiss or convert, whichever is in the best interests of creditors and the estate, if the movant establishes "cause," unless the court determines that appointment of a trustee or examiner under Section 1104(a) is in the best interests of creditors and the estate.[2] "The Code does not define 'cause,' but Section 1112(b)(4) provides a non-exhaustive list of examples of 'cause' that would support dismissal or conversion." *In re Baribeau*, 603 B.R. 797, 802 (Bankr. W.D. Tex. 2019).

12. Under Section 1112(b)(4), "cause" includes:

> (B)  gross mismanagement of the estate;
>
> …
>
> (F)  unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a [chapter 11] case;
>
> (H)  failure timely to provide information or attend meetings reasonably requested by the United States trustee; and

---

[2] Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), the decision to convert or dismiss a chapter 11 case upon a showing of cause was discretionary. BAPCPA circumscribed a bankruptcy court's discretion by replacing "may" with "shall" and expressly mandating that the court dismiss or convert if the movant establishes cause. *See* 7 Alan N. Resnick, COLLIER ON BANKRUPTCY ¶1112.04[1] (15th ed. rev. 2009); *see also In re Gateway Access Solutions, Inc.*, 364 B.R. 556, 560 (Bankr. M.D. Pa. 2007) noting that under BAPCPA, the statutory language "has been changed from permissive to mandatory. The amendments to section 1112 limit the Court's discretion to refuse to dismiss or convert a chapter 11 case upon a finding of cause.

4

    (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

11 U.S.C. § 1112(b)(4).

13. "[T]he Court must also consider the totality of the circumstances" when determining whether "cause" exists to dismiss or convert a case under Section 1112(b)(1). *In re Baribeau*, 603 B.R. at 802 (citing *Matter of T-H New Orleans, L.P.*, 116 F.3d 790, 802 (5th Cir. 1997)). If the movant establishes cause, Debtor may avoid dismissal only if it can produce evidence of unusual circumstances demonstrating that conversion or dismissal is not in the best interests of creditors or the estate and, further, that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time. 11 U.S.C. § 1112(b)(1)-(2); *In re Baribeau*, 603 B.R. at 802.

14. The Bankruptcy Code requires debtors-in-possession to submit MORs. Taken together, Section 1107(a) (duties of a debtor-in-possession generally include trustee duties identified in Section 1106) and Section 1106(a)(1) (incorporating Section 704(a)(8)) impose a duty to submit post-petition operating reports. *See* 11 U.S.C. §§ 704, 1106, 1107.

15. Local Bankruptcy Rule 2015(b) requires debtors to file MORs "in the form prescribed by the United States Trustee" no later than the 20th day of the following month until a plan is confirmed, or the case is converted or dismissed. L. RULE 2015(b).

b. *Cause Exists to Dismiss or Convert the Bankruptcy Case Because Debtor Failed to Timely Satisfy a Reporting Requirement Imposed by the Bankruptcy Code or Applicable Rules of Procedure*

16. Cause exists to dismiss or convert the Bankruptcy Case because Debtor failed to timely satisfy the reporting requirements established by Bankruptcy Local Rule 2015(b) and Federal Rule of Bankruptcy Procedure 2015.3. *See* 11 U.S.C. § 1112(b)(4)(F).

17. Debtor has not filed an MOR for the months of April 2024, May 2024, and June

2024, as required by Bankruptcy Local Rule 2015(b) and the deadlines for filing the MOR has expired. Each complete MOR is due on the 20th day of the month following the month that is the subject of the MOR. No plan has been confirmed, and the case has not been converted or dismissed.

18. Debtor has not filed complete and accurate reports for the months of December 2023, January 2024, February 2024, and March 2024, including omitting the required financial statements. Debtor did not timely file the December 2023, January 2024, February 2024, and March 2024 MORs. Although the U.S. Trustee informed Debtor's counsel of Debtor's failure to provide all attachments, Debtor has not corrected to errors and omissions on the MORs filed to date. Accordingly, Debtor failed to file its MORs in the form prescribed by the United States Trustee.

19. The failure to submit MORs timely cannot be "cured" by filing all delinquent reports after the filing of this motion. *See In re Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 716-17 (Bankr. D.Md. 2011) (holding that the filing of all delinquent MORs before the hearing on a motion to dismiss does not "excuse" the original failure).

20. Without complete MORs, creditors, the Court, creditors, and the U.S. Trustee have no ready way to monitor Debtor's financial activities to ensure compliance with applicable law and determine whether Debtor has the means to propose a feasible plan of reorganization. *See In re Tucker*, 411 B.R. 530, 535 (Bankr. S.D.Ga. 2009) (operating reports and their accompanying financial disclosures "are the lifeblood of the Chapter 11 process); *Roma Group, Inc. v. Office of the United States Trustee (In re Roma Group, Inc.)*, 165 B.R. 779, 780 (S.D.N.Y. 1994) (failure to file monthly operating reports "undermines the Chapter 11 process and constitutes cause for dismissal or conversion"). Debtor's failure to timely satisfy the reporting

6

requirement of Bankruptcy Local Rule 2015(b) is unexcused and provides cause to dismiss or convert the bankruptcy case. *See* 11 U.S.C. § 1112(b)(4)(F).

c. *Cause Exists to Dismiss or Convert the Case Because Debtor Grossly Mismanaged the Estate*

21. Cause exists to dismiss or convert the Bankruptcy Case because the estate is grossly mismanaged. 11 U.S.C. § 1112(b)(4)(B).

22. A debtor in possession is vested with significant powers and responsibilities under the provision of the Bankruptcy Code, including a fiduciary duty to its creditors. *See In re G-I Holdings, Inc.*, 385 F.3d 313, 319 (3d Cir. 2004). One of those fiduciary duties is to keep the court and its creditors informed about the status and condition of its business. *See Petit v. New England Mortg. Services, Inc.*, 182 B.R. 64, 69 (D. Me. 1995). A debtor in possession's failure to keep the court and other parties in interest apprised of the debtor's business operations, including by filing complete and accurate MORs, constitutes gross mismanagement under Section 1112(b)(4)(B). *In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 566 (Bankr. M.D. Pa. 2007).

23. Debtor has incurred substantial postpetition liabilities during this bankruptcy case. Debtor has not filed its last 3 months of MORs, and the MORs it has filed have been incomplete and tardy. Debtor has not paid its federal payroll taxes nor filed its tax returns postpetition.

24. Debtor's failure to pay postpetition taxes and failure to timely file complete and accurate MORs constitutes gross mismanagement and is cause to convert or dismiss the Bankruptcy Case under Section 1112(b)(4)(B). *See Fid. Deposit & Disc. Bank v. Domiano (In re Domiano)*, 442 B.R. 97, 105 (Bankr. M.D. Pa. 2010) (debtor's failure to properly report income and expenses constitutes evidence of "gross mismanagement" under Section 1112(b)(4)(B)).

25. In addition to supporting a finding of cause under Section 1112(b)(4)(B),

7

Debtor's failure to pay required federal payroll taxes since the order for relief is cause under Section 1112(b)(4)(I) to dismiss or convert the Bankruptcy Case. *In re Westhampton Coachworks, Ltd.*, 2010 Bankr. LEXIS 4967, 2010 WL 5348422 *5 (Bankr. E.D.N.Y. Dec. 21, 2010) (failure to pay postpetition payroll taxes is cause to dismiss or convert under Section 1112(b)(4)(I)).

d. *Cause Exists to Dismiss or Convert the Case Because Debtor Failed to Provide Information Reasonably Requested by the United States Trustee*

26. Cause exists to dismiss or convert the Bankruptcy Case because Debtor failed to provide information reasonably requested by the U.S. Trustee. 11 U.S.C § 1112(b)(4)(H). The U.S. Trustee reasonably requested information at the initial debtor interview, the 341 Meeting, and in multiple communications with Debtor's counsel. The requested information includes, but is not limited to, certain financial account statements, proof of payment of taxes, including payroll taxes, and related information needed to evaluate Debtor's financial position and otherwise confirm Debtor's financial information.

27. Debtor's failure to file MORs also violates applicable U.S. Trustee guidelines, which, along with Debtor's failure to amend the filed MORs as the U.S. Trustee requested, provides additional cause under Section 1112(b)(4)(H). Debtor's failure to timely provide information reasonably requested by the U.S. Trustee is cause to dismiss or convert the Bankruptcy Case. 11 U.S.C. § 1112(b)(4)(H).

e. *Conversion of the Bankruptcy Case is in the Best Interests of Creditors and the Estate*

28. Once the Court determines cause exists under Section 1112(b)(1) to convert or dismiss the case, the Court must then determine whether conversion or dismissal "is in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1).

29. Courts generally consider a non-exhaustive list of factors to determine what is in

the best interest of the estate and creditors. *See In re Sandia Resorts, Inc.*, 562 B.R. 490, 495-96 (Bankr. D.N.M. 2016) (discusses 13 factors courts apply when determining whether conversion or dismissal in the best interest of creditors and the estate). Courts also consider the preferences expressed by parties in interest, especially neutral third parties such as the United States Trustee. *Id.*

30. The U.S. Trustee respectfully submits that conversion is in the best interest of the estate and creditors because Debtor has sufficient assets that a Chapter 7 trustee could pursue and liquidate for the benefit of creditors and maximize the estate's value as an economic enterprise. *See In re Fleetstar LLC*, 614 B.R. 767, 788 (Bankr. E.D. La. 2020). Debtor's conduct in this case, including its failure to comply with its duties under the Bankruptcy Code and failure to pay its postpetition federal payroll taxes, support the conversion of this case.

31. In the event of conversion, the U.S. Trustee requests that the Court order Debtor to comply with the provisions of Federal Rule of Bankruptcy Procedure 1019.

## IV. CONCLUSION

For the reasons above, the U.S. Trustee requests that the Court enter an order converting the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code and grant such further relief as the Court deems appropriate under the applicable law and rules of procedure.

Dated: July 25, 2024

Respectfully submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7
Southern and Western Districts of Texas


By: */s/Shane P. Tobin*
    Shane P. Tobin
    Trial Attorney
    CA State Bar No. 317282

9

>903 San Jacinto Blvd., Room 230
>Austin, TX 78701
>PH: (512) 916-5348/Fax: (512) 916-5331
>Shane.P.Tobin@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **MOTION TO DISMISS OR CONVERT CASE** was served by electronic means for all Pacer system participants and/or by first class mail, postage prepaid, to all parties listed on the attached Service List (not attached to mailing copy) on July 25, 2024.

>*/s/ Shane P. Tobin*
>Shane P. Tobin
>Trial Attorney